613 P.2d 710

**HOT SPRINGS NATIONAL BANK, a
national banking corporation,
Plaintiff-Appellee,**

v.

**Donald E. STOOPS and Lois Stoops, his
wife, et al., Defendants-Appellants.**

No. 12908.

Supreme Court of New Mexico.

July 1, 1980.

Coors, Singer & Stratton, Robert N. Singer, James M. Kennedy, Albuquerque, for defendants-appellants.

Martin, Martin & Lutz, William L. Lutz, Las Cruces, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Appellee, Hot Springs National Bank (Bank), brought suit against appellants, Donald Stoops and his wife, Lois Stoops (Stoops), on several promissory notes executed by Donald Stoops, which had not been paid in accordance with the terms of the notes.

Donald Stoops and Richard Ruffini, a vice-president and trust officer of the Bank, entered into a business venture as a closely held corporation known as R & S Investment Corporation. The corporation undertook several investment transactions which were apparently profitable. By late 1975, the corporate business transactions soured. Soon thereafter, Ruffini was discharged from the Bank. In March of 1976, Stoops executed "renewals" of two promissory notes he had previously executed, together with a new note. The new note was executed to pay interest due upon prior notes.

On February 10, 1978, the Bank filed suit against Stoops for nonpayment of the notes. Stoops answered and counterclaimed, alleging, among other things, false statements and misrepresentations made to him by Ruffini and other bank officials, upon which he relied to his detriment. The Bank moved for summary judgment. Subsequently, and after affidavits were filed by the parties, the court notified the parties by decision letter of September 26, 1979, that it was granting summary judgment for the Bank. On November 26, 1979, Stoops moved to amend his answer and counterclaim. This motion was denied by order dated November 28, 1979. By orders of the same date, Stoops' counterclaim was dismissed and summary judgment was entered, finding liability on the part of Stoops for the three notes at issue here. The trial court further dismissed Stoops' counterclaim for failure to state a cause of action.

On appeal, Stoops raises the following points for this Court's consideration:

1. Whether Stoops placed genuine issues of material fact before the trial court, making summary judgment inappropriate; and,

2. Whether the trial court erred in dismissing Stoops' counterclaim and in not allowing him to amend his pleadings.

We reverse the trial court on both points.

## I.

We find two allegations made by Stoops in affidavits before the trial court which require review. First, Stoops alleges that Ruffini, acting for the Bank, fraudulently misrepresented to him certain matters regarding R & S Investment Corporation, upon which Stoops detrimentally relied. Second, Stoops alleges that Robinson, acting for the Bank, fraudulently misrepresented to him that R & S would be liable on the notes and not Stoops.

The rules governing summary judgment are well known to the Bench and Bar. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Pleadings, depositions and other matters before this Court must be viewed in as favorable a light as they will bear in support of an adjudication on the merits of the issues presented. *Gonzales v. Gackle Drilling Company*, 70 N.M. 131, 136–137, 371 P.2d 605, 609 (1962). It is well settled that fraud is a defense in contract cases. *See Citizens Bank v. C & H Const. & Paving Co. Inc.*, 89 N.M. 360, 552 P.2d 796 (Ct.App.1976), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976). Allegations of fraud on the part of the Bank create genuine issues of material fact which must be adjudicated, unless Stoops is foreclosed from raising these issues.

As to Stoops' first allegation, he admitted that he knew the R & S Corporation

was defunct. He also knew that Ruffini had made misrepresentations to him concerning the business. Yet, he executed the renewal notes and the new note to pay interest on prior notes. It is a question of first impression in New Mexico whether one who renews a note after knowledge of defenses that may be raised concerning fraud waives the right to assert those defenses.

In *First National Bank of Albuquerque v. Lesser & Lewinson*, 9 N.M. 604, 58 P. 345 (1899), the Supreme Court of the Territory stated the general proposition that "the holder of a new note in exchange for an old one may attack a conveyance which is fraudulent as to the old one." *Id.* at 609, 58 P. at 347. However, it is not discussed in that case whether the holders knew of the fraudulent acts prior to execution of the renewal notes.

In *City National Bank of Fort Smith, Arkansas v. Vanderboom*, 290 F.Supp. 592, 610 (D.C.1968), *aff'd.* 422 F.2d 221 (8th Cir. 1970), *cert. denied*, 399 U.S. 905, 90 S.Ct. 2196, 26 L.Ed.2d 560, the court stated the law of Arkansas:

> [T]he general rule is that the giving of a renewal note or making partial payments with knowledge at the time of false representations on the part of the payee operates as a waiver of that defense, and the maker is thereby estopped from pleading such defenses in an action on the renewal note.

This rule is followed by the majority of jurisdictions. *Howell v. Flora*, 155 Kan. 640, 127 P.2d 721 (1942). *See* 11 Am.Jur.2d *Bills and Notes* § 391 (1963); Annot., 35 A.L.R. 1268 (1925); 72 A.L.R. 605 (1931).

Where Stoops was in a private business venture with a bank officer, Ruffini, and where he knew of apparent fraud and misrepresentations upon prior notes, and still executed renewal notes and a new note to pay interest on previous notes, we cannot say the trial court was incorrect in granting summary judgment against Stoops.

■ However, concerning Stoops' second allegation that he had been misled as to his liability on the notes, we arrive at a different conclusion. The Bank argues

that as a matter of public policy, the officers of a bank have no authority to bind the bank to an agreement that the note will not be enforced. *Rogers v. First State Bank of Aguilar*, 79 Colo. 84, 243 P. 637 (1926); *Mt. Vernon Trust Co. v. Bergoff*, 272 N.Y. 192, 5 N.E.2d 196 (1936). The rationale in these cases is that such agreements would defraud the depositors of the bank and the regulatory authorities. We have no quarrel with the rule of law announced in those cases; however, the facts in the case before us are distinguishable. In this case, Stoops is not alleging that the note is not enforceable at all, but that it is not enforceable against him personally and that the corporation of which he was a shareholder should be liable. Stoops cannot be foreclosed from raising a fraud allegation where he claims he was misled as to his personal liability on the notes. In his affidavit he has created a genuine issue of material fact by this allegation, and the trial court erred in granting summary judgment, unless he is foreclosed by the parol evidence rule.

■ The Bank argues that Stoops is foreclosed from bringing parol evidence before the court where the promissory notes are clear and express in their terms. A promissory note which: (a) is signed by the maker; (b) contains an unconditional promise or order to pay; (c) is a sum certain; (d) is in money; (e) contains only certain statutorily permissible orders, obligations or powers given by the maker; (f) is on demand; and (g) is to order or bearer, is a negotiable instrument. § 55–3–104, N.M.S.A.1978. It is undisputed by the parties that the promissory notes involved in this appeal are negotiable instruments, and thus are subject to the New Mexico statutes governing commercial paper, §§ 55–3–101 to 55–3–805, N.M.S.A.1978 (Supp.1979).

Section 55–3–403, *supra*, states, in pertinent part:

> (2) An authorized representative who signs his own name to an instrument:
>
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative

signed in a representative capacity; . .

The official comment to this section, at point 3, states that in such a situation parol evidence is inadmissible to disestablish his obligation.

However, in this situation, Stoops is not attacking the validity of the note itself. Rather, he is attacking the underlying transaction as being fraudulent. If the Bank were a holder in due course, under Section 55–3–302, it is possible that Stoops could not raise his defense. However, under that section: "(1) A holder in due course is a holder who takes the instrument: . . . (b) in good faith . . ."

The alleged fraudulent misrepresentations by Robinson of which Stoops complains indicate a lack of good faith. The commercial statutes make provision for this situation in Section 55–3–306: "Unless he has the rights of a holder in due course any person takes the instrument subject to: . . . (b) all defenses of any party which would be available in an action in a simple contract; . . . ." Thus, we are referred to the general contract law of New Mexico in making our determination of whether Stoops may introduce parol evidence of fraud on the underlying transaction concerning the promissory notes.

In *Bell v. Lammon*, 51 N.M. 113, 119, 179 P.2d 757, 761 (1947), this Court stated the general rule in New Mexico:

> If a parol contemporaneous agreement be the inducing cause of the written contract, or forms a part of the consideration therefor, and it appears the writing was executed on the faith of the parol agreement or representation, extrinsic evidence is admissible. In such cases, the real basis for its admission is to show fraud.

In *Davis v. Campbell*, 52 N.M. 272, 279, 197 P.2d 430, 434 (1948), this Court allowed parol evidence where the representations amounting to fraud would allow one of the parties to avoid the contract. In *Drink, Inc. v. Martinez*, 89 N.M. 662, 556 P.2d 348 (1976), this Court allowed admission of pa-

rol evidence in order to reform a contract " 'where either by mutual mistake of the parties, or through mistake on the part of one party and fraud or inequitable conduct on the part of the other party, the written instrument drafted to evidence a contract fails to express the real agreement and intentions of the parties.' " *Id.* at 664, 556 P.2d at 350, quoting *Buck v. Mountain States Investment Corporation*, 76 N.M. 261, 264, 414 P.2d 491, 493 (1966).

In this case, the representations of which Stoops complains could lead to his avoiding personal liability on the promissory notes. It could also lead to possible reformation of the notes. Parol evidence was admissible to prove fraud on the part of the Bank.

## II.

Stoops argues that the trial court erroneously dismissed his original counterclaim and abused its discretion in denying his motion to amend his pleadings.

■ N.M.R.Civ.P. 13(a), N.M.S.A.1978, requires compulsory counterclaims to be raised at the time of serving the pleading. Stoops may have raised a compulsory counterclaim as to fraud in his original counterclaim. If he did, dismissal of the counterclaim was error. The trial court is directed to reconsider its dismissal of Stoops' original counterclaim in light of this.

■ Concerning Stoops' motion to amend his answer and counterclaim, we note that N.M.R.Civ.P. 15(a), N.M.S.A.1978, provides that leave to amend shall be freely given by the trial court when justice so requires. *See also Hambaugh v. Peoples*, 75 N.M. 144, 401 P.2d 777 (1965). Our standard of review requires us to reverse only if the trial court abused its discretion. *Pope v. Lydick Roofing Company of Albuquerque*, 81 N.M. 661, 472 P.2d 375 (1970). Each case must be decided upon its own particular facts. *See Hambaugh v. Peoples, supra.*

In this case, Stoops moved to amend his answer and counterclaim almost twenty-one months after filing his original pleadings. The court denied this motion at the same

time it granted summary judgment. Since summary judgment was improper, the case is remanded for a hearing, and Stoops should also be allowed to present all proper matters to the court for adjudication. *See Id.*

The trial court's granting of summary judgment and its denial of Stoops' motion to amend his pleadings is reversed and remanded for further consideration in conformity with this opinion.

IT IS SO ORDERED.

SOSNA, C. J., and EASLEY, J., concur.