**UNION BANK, Plaintiffs and Respondent,**

v.

**Ronald K. SWENSON, Margie L. Swenson, and State Lumber, Inc., a Utah corporation, Defendants and Appellants.**

No. 18915.

Supreme Court of Utah.

Sept. 27, 1985.

Steven H. Stewart, James L. Christensen, Salt Lake City, for appellant.

BALLIF, District Judge:

On January 29, 1982, appellants Ronald and Margie Swenson executed a promissory note in favor of respondent Union Bank. Appellants signed the note "individually and personally." Appellant Ronald Swenson, as president of State Lumber, Inc., also signed the note for the lumber company. Upon default, respondent brought this action against State Lumber, Inc., and the Swensons individually and personally to recover on the note. The Swensons now contest personal liability.

Relying on the note as an integrated writing incorporating the entire agreement between the parties, respondent moved the court to apply the parol evidence rule and grant summary judgment.

In response, appellants amended their answer to include an affirmative defense that neither party intended the signatures to have effect and that representatives of the bank had promised the Swensons that their signatures were for appearances only and no collection action would be brought against them personally. They each filed a separate affidavit opposing respondent's motion for summary judgment. The affidavits allege that the bank officer told appellants that their personal signatures were needed to satisfy the bank auditors and the loan committee. They also allege that the bank representative assured appellants that they would not be held personally liable and that without such assurances appellants would not have signed.

The trial court, applying the parol evidence rule, found no genuine issue of material fact and accordingly granted summary

judgment in favor of respondent. Appellants argue that the parol evidence rule was inapplicable because their affirmative defense and affidavits raise an exception to the parol evidence rule based on fraud. Specifically, appellants contend that their allegations raise the issues of whether the note was adopted by the parties as a final and complete expression of their agreement or whether their personal signatures were fraudulently induced by respondent's alleged representations that no personal liability would result. Respondent counters that an exception based on fraud was not properly raised in the pleadings and, therefore, any defense based on fraud has been waived pursuant to Utah R.Civ.P. 12(h).

These contentions raise issues concerning both the substance of the parol evidence rule and the adequacy of appellants' answer under Utah R.Civ.P. 8(c) and 9(b).

■■■ The parol evidence rule as a principle of contract interpretation has a very narrow application. Simply stated, the rule operates in the absence of fraud to exclude contemporaneous conversations, statements, or representations offered for the purpose of varying or adding to the terms of an *integrated* contract. *Eie v. St. Benedict's Hospital,* Utah, 638 P.2d 1190, 1192 (1981); *Bullfrog Marina, Inc. v. Lentz,* 28 Utah 2d 261, 266, 501 P.2d 266, 270 (1972); Corbin, *The Parole Evidence Rule,* 53 Yale L.J. 603, 609 (1944). Therefore, a court must first determine whether the writing was intended by the parties to be an integration. In resolving this preliminary question of fact, parol evidence, indeed any relevant evidence, is admissible. *Eie v. St. Benedict's Hospital,* 638 P.2d at 1194.

■■ This general rule as stated contains an exception for fraud. Parol evidence is admissible to show the circumstances under which the contract was made or the purpose for which the writing was executed. This is so even after the writing is determined to be an integrated contract.

Admitting parol evidence in such circumstances avoids the judicial enforcement of a writing that appears to be a binding integration but in fact is not.

What appears to be a complete and binding integrated agreement may be a forgery, a joke, a sham, or an agreement without consideration, or it may be voidable for fraud, duress, mistake, or the like, or it may be illegal. Such invalidating causes need not and commonly do not appear on the face of the writing.

Restatement (Second) of Contracts § 214 comment C (1981).

■■ Absent fraud or other invalidating causes, the integrity of a written contract is maintained by not admitting parol evidence to vary or contradict the terms of the writing once it is determined to be an integration.[1] It is also maintained by applying a rebuttable presumption that a writing which on its face appears to be an integrated agreement is what it appears to be. Restatement (Second) of Contracts 209(3) states,

Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.

■■ Protection against judicial enforcement of writings that appear to be binding integrations but in fact are not lies in the provision that all relevant evidence is admissible on the threshold issue of whether the writing was adopted by the parties as an integration of their agreement. This appears to be so even if the writing clearly states it to be a complete and final statement of the parties' agreement.

■■ In this case, the record does not include a specific factual determination that the note was, or was not, an inte-

---

**1.** Note that although parol evidence is inadmissible to vary or contradict the clear and unambiguous terms of an integrated contract, parol evidence is admissible to clarify facial ambiguity. *See, e.g., Faulkner v. Farnsworth,* Utah, 665 P.2d 1292 (1983), citing numerous other Utah cases.

gration. The trial court apparently assumed from the face of the note that it was an integration and apparently applied the parol evidence rule without making the threshold factual determination required by *Eie* and *Bullfrog Marina, supra.* Such an omission would be inconsequential in light of the presumption described above and the clear, complete, and specific facial appearance of the writing unless appellants raised a genuine issue of material fact as to whether the writing was in fact integrated. However, appellants' pleadings and affidavits in opposition to summary judgment do raise a genuine issue of material fact requiring a specific determination as to whether the note was an integration.[2]

■ The affidavits allege that a bank representative indicated that the purpose for which the instrument was personally executed was "to satisfy bank auditors and the loan committee rather than create personal liability." Both the answer and the affidavits allege specific misrepresentations by a bank officer that led appellants to believe they would not be held personally liable. Further, the affidavits assert that without the misrepresentations appellants would not have personally signed the note. These allegations raise a genuine issue of material fact as to whether the parties assented to the writing as a final statement of the intended agreement or executed it for some other purpose.

■ These same allegations also raise a genuine issue of material fact relative to whether appellants' personal execution of the note was fraudulently induced. Parol

evidence is admissible to prove that a party was induced into a contract by fraud, despite a determination that a writing is an integrated contract.[3] *Berkeley Bank for Cooperatives v. Meibos*, Utah, 607 P.2d 798 (1980), effectively demonstrated that the substance of the alleged wrong, as stated in appellants' pleadings and affidavits, may constitute fraudulent inducement. In *Berkeley*, this Court affirmed a jury verdict finding all nine elements of fraud based on allegations of misrepresentation and reliance similar to those alleged in this case. The plaintiff bank in *Berkeley* required the defendant dairymen to personally execute promissory notes in order to secure loans made to their dairy cooperative. Subsequent to the cooperative's bankruptcy, the bank sought to recover deficiencies by pursuing the dairymen on their promissory notes. As a defense, the dairymen alleged that the bank fraudulently induced them to execute the notes by assuring them that the sole purpose of the notes was to obligate the dairymen to sell their milk to the cooperative and not to impose additional financial obligations on them. The Court concluded that the defendants were not foreclosed, as a matter of law, from asserting that the signing of the notes was fraudulently induced and affirmed the jury verdict in favor of the dairymen.

The admissibility of parol evidence in situations similar to the instant case has recently been confirmed in well-resolved decisions from other state courts. In *Hot Springs National Bank v. Stoops*, 94 N.M. 568, 613 P.2d 710 (1980), the appellant had

---

**2.** Pursuant to Utah R.Civ.P. 56(c), both the pleadings and the affidavits, to the extent that they set forth facts admissible in evidence, bear on the determination of whether a genuine issue of material fact exists that would preclude summary judgment. See *Rainford v. Rytting*, 22 Utah 2d 252, 451 P.2d 769 (1969), cited in *Norton v. Blackham*, Utah, 669 P.2d 857 (1983), interpreting Utah R.Civ.P. 56(e) to mean that "[a]n affidavit in opposition to a motion for summary judgment to be effective must set forth such facts as would be admissible in evidence." The substance of appellants' pleadings and affidavits is admissible on the issues of whether the note was an integration and wheth-

er execution of the note was fraudulently induced.

**3.** See the general statement of the parol evidence rule cited above in this opinion from *Eie v. St. Benedict's Hospital*, Utah, 638 P.2d 1190, 1194 (1981), citing *B.T. Moran, Inc. v. First Security Corp.*, 82 Utah 316, 24 P.2d 384 (1933); *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413, 418 (1977), citing *Bullfrog Marina, Inc. v. Lentz*, 28 Utah 2d 261, 266, 501 P.2d 266, 270 (1972); *Rainford v. Rytting*, 22 Utah 2d 252, 255, 451 P.2d 769, 770–71 (1969), citing *B.T. Moran, Inc. v. First Security Corp.*, 82 Utah at 329, 24 P.2d at 389.

personally signed promissory notes renewing delinquent corporate debts. The trial court granted summary judgment in favor of the plaintiff bank, despite the appellant's affidavits to the effect that bank officers fraudulently misrepresented to the appellant that the corporation, rather than the appellant, would be liable on the notes. The New Mexico Supreme Court rejected the bank's argument that the appellant was foreclosed from bringing parol evidence before the court where the promissory notes were clear and express in their terms, citing the following language from *Bell v. Lammon*, 51 N.M. 113, 119, 179 P.2d 757, 761 (1947):

> If a parol contemporaneous agreement be the inducing cause of the written contract, or forms a part of the consideration therefor, and it appears the writing was executed on the faith of the parol agreement or representation, extrinsic evidence is admissible. *In such cases, the real basis for its admission is to show fraud.*

(Emphasis added.)

The court therefore reversed summary judgment and held that the alleged misrepresentations could lead to the appellant's avoidance of personal liability or reformation of the note and allowed the appellant to amend his pleadings accordingly.

In *Cosmopolitan Financial Corp. v. Runnels*, 2 Haw.App. 33, 625 P.2d 390 (1981), the court affirmed the trial court's decision to relieve three endorsers/guarantors of liability on a promissory note because of an oral agreement between the bank officer and the endorsers/guarantors that their signatures were intended to satisfy the state bank examiners rather than to create personal liability. The court held that the parol evidence rule did not bar the admission of a prior or contemporaneous oral agreement where it appeared that the instrument was conceived in fraud or, more specifically, was executed to avoid the negative scrutiny of the state bank examiner. The court considered the intent to deceive the examiners an "invalidating cause" that vitiated the entire agreement.

Turning to the procedural issues, respondent argues that appellants are foreclosed from raising an exception to the parol evidence rule based on fraud because fraud was not properly pleaded. We note that, under the law as stated above, this exception is relevant only after a factual determination has been made that the note was adopted as a final and complete expression of the agreement between the parties.

Respondent claims, first, that the affirmative defense in appellants' amended answer fails to include the specific term "fraud" and therefore violates Rule 8(c), which requires that such defense be "set forth affirmatively." Respondent also contends that appellants' failure to allege each and every element of common-law fraud, as set forth in *Cheever v. Schramm*, Utah, 577 P.2d 951 (1978), violates Rule 9(b), which requires that fraud be pleaded "with particularity." Finally, respondent asserts that any defense based on fraud has been waived under Rule 12(h), which states in substance that, with few exceptions, defenses not presented by motion, answer, or reply are waived. Therefore, respondent argues that the allegations contained in appellants' affidavits that state with greater specificity the elements of fraud are inadmissible.

There can be little doubt that in order to raise an exception to the parol evidence rule based on fraud, appellants' affirmative defense should have included the term "fraud" and the specific allegation contained in the affidavits. But under the particular circumstances of this case, the flaws in the pleadings do not warrant granting summary judgment in favor of respondent.

*Cheney v. Rucker*, 14 Utah 2d 205, 381 P.2d 86 (1963), is illustrative. In *Cheney*, evidence relating to an affirmative defense that was not pleaded was admitted at trial over the plaintiff's objection. Relying on the plaintiff's failure at trial to request a continuance or make any representation to the court that he was surprised or disadvantaged in meeting the defense, this Court concluded that the trial court would

have failed the plain mandate of justice if it had refused to allow the defense.

We think that the same principle applies with greater force in this case, where summary judgment was granted prior to discovery (within two months and one week of the filing of the complaint) and where respondent did not argue that it had been surprised or disadvantaged, but argued only that the Rules of Civil Procedure precluded appellants' defense.

This Court, in applying Utah R.Civ.P. 8(c) in *Cheney*, made the following observations, which were recently quoted in *Williams v. State Farm Insurance Co.*, Utah, 656 P.2d 966, 970 (1982), and *Eie v. St. Benedict's Hospital*, 638 P.2d at 1193–94:

It is true, as plaintiff insists, that Rule 8(c), U.R.C.P., requires that affirmative defenses be pleaded. It is a good rule whose purpose is to have the issues to be tried clearly framed. But it is not the only rule in the book of Rules of Civil Procedure. They must all be looked to in the light of their even more fundamental purpose of liberalizing both pleading and procedure to the end that the parties are afforded the privilege of presenting whatever legitimate contentions they have pertaining to their dispute. What they are entitled to is notice of the issues raised and an opportunity to meet them. When this is accomplished, that is all that is required. Our rules provide for liberality to allow examination into and settlement of all issues bearing upon the controversy, but safeguard the rights of the other party to have a reasonable time to meet a new issue if he so requests. Rule 15(b), U.R.C.P., so states. It further allows for an amendment to conform to the proof after trial or even after judgment, and indicates that if the ends of justice so require, "failure so to amend does not affect the result of the trial of these issues." This idea is confirmed by Rule 54(c)(1), U.R.C.P.: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party

has not demanded such relief in his pleadings."

14 Utah 2d at 211, 381 P.2d at 91 (citation omitted).

Also, in *Williams v. State Farm Insurance Co.*, 656 P.2d at 971, reviewing at length the standards that apply to a determination of the adequacy of pleadings raising the affirmative defense of fraud, particularly under Rules 8(c) and 9(b), this Court concluded:

It is evident from these statements that the fundamental purpose of our liberalized pleading rules is to afford parties "the privilege of presenting whatever legitimate contentions they have pertaining to their dispute," subject only to the requirement that their adversary have "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *The functions of issue-formulation and fact-revelation are appropriately left to the deposition-discovery process.* The rules "allow examination into the settlement of all issues bearing upon the controversy," with latitude for proof that extends beyond the pleadings, where appropriate. Rule 15(b). It also appears from the cited decisions that *these principles are applied with great liberality in sustaining the sufficiency of allegations stating a cause of action or an affirmative defense.*

(Citations omitted; emphasis added.) Addressing specifically Rule 9(b), the Court in *Williams* added:

"Fraud" or "fraudulent" are terms of uncertain meaning. They are conclusions that must be fleshed out by elaboration and by consideration of the context in which they are used. This is why Rule 9(b) requires that the circumstances constituting fraud "shall be stated with particularity," a requirement we have construed to require *allegation of the substance of the acts constituting the alleged wrong.*

656 P.2d at 972 (emphasis added).

■ In light of the fundamental purpose of our pleading rules to afford the

parties the privilege of presenting whatever legitimate contentions they have pertaining to the dispute, appellants are not as a matter of law foreclosed from asserting defenses based on "fraud" by their failure to use the term "fraud" or a derivative thereof or by their failure to allege each and every element of common-law fraud. The overriding inquiry urged in *Cheney* and *Williams* is whether appellants' factual allegations gave fair notice of the issues raised and an opportunity to meet them and whether surprise or disadvantage would result if the defense or defenses were allowed. Both the timing of respondent's motion for summary judgment and the specificity of appellants' averments preclude imposing a Rule 12(h) waiver in this case. The substance of the acts constituting the alleged wrong was pleaded with particularity in appellants' averment that the bank's representatives "promised appellants that their signatures were for appearances only and that no collection actions, legal or otherwise, would be brought against Ronald or Margie Swenson based on said signatures." This specific allegation, combined with appellants' general averment that neither party intended the signatures to have effect and that these representations induced their signatures, gave fair notice that appellants were denying personal liability on the note because of respondent's alleged misrepresentations. In *Berkeley Bank for Cooperatives v. Meibos*, discussed *supra*, this Court affirmed a jury verdict that similar facts constituted fraud in the inducement.

Accordingly, summary judgment is reversed, and this case is remanded to the district court for further consideration consistent with this opinion.

WE CONCUR:

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.