TATES, INC., a Utah corporation,
Plaintiff and Appellee,

v.

Eileen SALISBURY, Defendant
and Appellant.

No. 880660–CA.

Court of Appeals of Utah.

July 16, 1990.

Royal K. Hunt and Joseph Bottum (argued), Salt Lake City, for defendant and appellant.

Robert S. Howell and Lorin D. Ronnow (argued), Tibbals, Howell, Moxley & Wilkins, Salt Lake City, for plaintiff and appellee.

Before DAVIDSON and ORME, JJ., and BULLOCK,[1] Senior District Judge.

## OPINION

J. ROBERT BULLOCK, Senior District Judge:

Defendant Eileen Salisbury appeals from a summary judgment against her for breach of a contract for the sale of goods. The summary judgment was based on factual representations that Salisbury made in a 1984 document, representations that she attempted to controvert by affidavit. The district court disregarded her affidavit on the basis of the parol evidence rule. We hold that factual questions preclude summary judgment at this juncture, and therefore reverse.

In 1983, WBC Trucking ordered two made-to-order trailers from Tates, Inc. for a total price of $56,076.06. WBC requested additional work on the trailers, for which Tates added $2,753.73 to the price, making a total of $58,829.79. However, WBC never took delivery of the trailers and only $12,000 was paid toward the price. In 1986, Tates sold the trailers and their accessories to a third party for a total of $37,000, leaving a deficiency for which this suit is brought.

---

**1.** J. Robert Bullock, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1990).

Salisbury's role in this sale is disputed. The purchase order apparently lists the purchaser as "WBC Trucking for Eileen Salisbury," and bears a rather shaky version of Salisbury's signature, which her affidavit states is a forgery. In his affidavit, Johan Witkamp of Tates says WBC ordered the trailers solely as agent for Salisbury. In July 1984, Salisbury signed a notarized document entitled "Acknowledgment of Amount and Authorization to Hold Public or Private Sale" ("Acknowledgment"), by which she

acknowledge[d] that she, through her Agents, W.B.C. Trucking and/or Reed Shelley, an individual, authorized the manufacture of two ... trailers....

The undersigned, having authorized her agents to have said trucks [sic] manufactured, hereby acknowledges [certain amounts due.]

The undersigned, as a buyer under [Utah Code Ann.] Sections 70–A–2 [sic] acknowledges that the seller is entitled to retain said trailers for non-performance, to-wit: failure to make payment when due, and is entitled to resale [sic] said goods in accordance with section 70A–2–706. The undersigned hereby waives further notices and acknowledges that Tates, Inc. has notified her of their intention to sell said trailers at a private or public sale. The undersigned hereby waives any further notice of the consummation of any said resale of the goods manufactured by Tates Inc. as hereinabove described.

The undersigned hereby acknowledges all other terms and conditions of the arrangement for the preparation and manufacture of said agreement [sic], including the payment of reasonable attorney's fees.

Tates has sued Salisbury in this action to collect the difference between the contract price and the amount realized in the sale to the third party, plus interest. Tates moved for summary judgment, and Salisbury defended with an affidavit [2] in which she stated that

neither the said Reed Shelley nor the said WBC Trucking, separately or in combination, were agents of affiant for any purpose at any time; and affiant never held them ... out, nor represented to any person ... that they ... were affiant's agents.

In response, Tates argued that Salisbury's affidavit should not be considered by reason of the parol evidence rule. The district court agreed with Tates and granted summary judgment in its favor. Salisbury has appealed.

 The parol evidence rule is employed to identify which of multiple expressions of the parties constitutes the text of the contract under consideration. *See* 3 A. Corbin, *Corbin on Contracts*, § 573 (1960). It therefore presupposes more than one *genuine* expression of the parties. A forgery, on the other hand, is void, except as against the forger.[3] Therefore, if the genuineness or authenticity of a material expression is in question, the parol evidence rule does not come into play; otherwise, it would be a means of destroying all defenses of a forgery victim and making a false document genuine, simply by silencing the person who most clearly knows of its falsity.

 Further, the parol evidence rule can be invoked only as to an integrated expression of the contract;[4] otherwise, it

---

2. The affidavit was filed on the day of the hearing and was therefore untimely under Utah R.Civ.P. 56(c). Although counsel for Tates noted this fact in oral argument before this court, it was not raised before the court below, and we therefore do not consider the tardiness of the affidavit. *See Zions First Nat'l Bank v. National Am. Title Ins. Co.,* 749 P.2d 651, 654 (Utah 1988).

3. *See* S. Williston & W. Jaeger, *A Treatise on the Law of Contracts* § 572 (1970); 4 F. Hart & W. Miller, *Bender's U.C.C. Service* § 12.13 (1988).

4. *Colonial Leasing Co. v. Larsen Bros. Constr. Co.,* 731 P.2d 483 (Utah 1986) (reversing because the trial judge did not expressly determine that the contract was integrated); *Union Bank v. Swenson,* 707 P.2d 663 (Utah 1985) (holding that the factual issue of whether the contract was integrated precluded summary judgment); *Eie v. St. Benedict's Hosp.,* 638 P.2d 1190, 1194 (Utah 1981) ("An agreement is integrated where the parties thereto adopt a writing or writings as the final and complete expression of their agreement..... An essential element of an inte-

would result in enforcement of a fragment of the contract without regard to the whole. Whether a particular expression is an integration of the contract is a question of fact, and evidence both within and without the claimed integration is admissible to determine whether it is indeed an integration.[5]

██ Applying these rules to the expressions of the parties in this case, we lack any contractual expression that is both undisputedly genuine and integrated. Salisbury's affidavit calls into question the genuineness of her signature on the purchase order, and, with its genuineness thus factually in dispute, it has no probative value for summary judgment purposes. Salisbury also avers that she did not authorize the purchase or manufacture of the trailers listed on the purchase order, thus effectively controverting Witkamp's statements implicating her. The Acknowledgment is clearly not an integrated contract, but rather on its face depends on contractual components not present within it. The Acknowledgment is not itself a sale, but rather the unilateral recognition of a sale that took place earlier. Its very kernel, the prior sale that gives it meaning, is not to be found on its own pages. Perhaps the purchase order could fill the gaps in the Acknowledgment, but there is no point in here attempting to fill those gaps with plugs that may themselves not be genuine.

Tates has therefore failed to place before the court any expression of a contract which is both genuine and integrated, and the parol evidence rule therefore does not apply in this case. No other basis for sustaining this summary judgment has been argued,[6] and we therefore reverse and remand for further proceedings.

DAVIDSON, J., concurs.

ORME, J., concurs in the result only.

---

gration is that the parties shall have manifested assent not merely to the provisions of their agreement but to the writing or writings in question as a final statement of their intentions as to the matters contained therein."); *Bullfrog Marina, Inc. v. Lentz*, 28 Utah 2d 261, 501 P.2d 266 (1972).

**5.** *Union Bank*, 707 P.2d at 665; *Eie*, 638 P.2d at 1194.

**6.** Tates has stood only upon the parol evidence rule here and below, and we therefore have no occasion to consider the effect of doctrines such as accord and satisfaction, novation, estoppel, etc. However, we note as guidance on remand that some such doctrines, notably accord and satisfaction and novation, presuppose the existence of a valid contract. Construing the Acknowledgment as an accord or novation may therefore depend on whether Salisbury validly assented to the purchase of the trailers.