T.C. Memo. 2000-325

UNITED STATES TAX COURT

R. GEORGE AND PENNEY GREGERSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18076-97.                    Filed October 19, 2000.

<u>John M. Bradley</u> and <u>Thomas R. Barton</u>, for petitioners.

<u>Mark H. Howard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated June 13, 1997, respondent
determined a deficiency of $18,504 and a section 6662 accuracy-
related penalty of $3,701 relating to petitioners' 1994 Federal
income taxes.  All section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

After concessions, the issues remaining for decision are whether petitioners are: (1) Entitled to a deduction for accrued interest; (2) entitled to a net operating loss carryover; (3) entitled to deductions claimed by petitioner's wholly owned S corporation; and (4) liable for accuracy-related penalties.

FINDINGS OF FACT

When the petition was filed, petitioners resided in Salt Lake City, Utah, where Mr. Gregersen has been engaged in the newspaper publishing business for nearly 30 years. In 1983, Mr. Gregersen began operating and managing his weekly business publication, the Enterprise Business Newspaper (EBN), through the Enterprise Newspaper Group (ENG), his sole proprietorship. On July 10, 1987, Mr. Gregersen incorporated Enterprise Business Newspaper, Inc. (EBNI), an S corporation, of which he was the sole shareholder.

Neuman Petty was a longtime personal friend and financial backer of Mr. Gregersen. They transacted business with each other over numerous years through a variety of controlled entities. Because of their close personal and business relationship, Mr. Petty readily and frequently advanced money to Mr. Gregersen. Mr. Petty and Mr. Gregersen generally did not distinguish between themselves and their respective controlled entities. In addition to funds lent for other purposes, Mr. Petty lent approximately $900,000 to finance the expansion of Mr.

Gregersen's newspaper businesses. Mr. Petty subsequently wrote off many of these loans as bad debts.

On November 30, 1988, Mr. Gregersen executed a $386,000 promissory note (the note) in favor of Claims, Inc. Employee Pension Benefit Plan Trust (trust). Mr. Petty was trustee and sole beneficiary of the trust. The note consolidated several outstanding loans between Mr. Petty and Mr. Gregersen, was payable 60 days after demand, accrued interest at 18 percent, and was secured by "All of the Stock of the Enterprise" (i.e., the stock of EBNI). EBN, ENG, and Mr. Gregersen signed the note. Mr. Gregersen signed for EBN and ENG. Both Mr. Petty and Mr. Gregersen believed that the note would be paid from the proceeds of Mr. Gregersen's newspaper business. The proceeds of the consolidated loans were used to finance EBN's operations.

Mr. Gregersen, in 1989, transferred EBN, its assets, and its liabilities from ENG to EBNI. On July 30, 1992, EBNI filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. In the schedules accompanying the bankruptcy petition, Mr. Gregersen listed a $115,000 obligation owed to Nupetco (Nupetco loan) one of Mr. Petty's wholly owned entities but did not list the note. The trust did not demand payment from any of the signers. From 1988 through 1994, Mr. Gregersen made one payment of $1,000 (i.e., in 1994).

Petitioners did not file tax returns for 1987 and 1988. On

their amended 1993 and their 1994 tax returns, petitioners claimed a deduction for accrued interest relating to the note. On their 1994 tax return, petitioners claimed an interest deduction and a net operating loss carryover. A portion of the claimed carryover (i.e., $121,284) related to: (1) Deductions for accrued interest claimed on petitioners' 1993 tax return; (2) legal expense deductions, purportedly related to Mr. Gregersen's Schedule C business, claimed in 1990 through 1993; and (3) a net operating loss carryover from 1989. On their 1989 tax return, petitioners reported a net operating loss, and petitioners did not file a statement waiving carryback of this loss. Petitioners were accrual basis taxpayers during the years in issue.

OPINION

I.  Accrued Interest Deduction

Respondent determined that, because EBNI was the primary obligor and Mr. Gregersen merely a guarantor, petitioners are not entitled to a deduction relating to accrued interest on the note. Petitioners contend that Mr. Gregersen was the obligor and is entitled to the related deductions.

Section 163(a) allows as a deduction "all interest paid or accrued within the taxable year on indebtedness." A guarantor who becomes the primary obligor on the liability is entitled to deduct accrued interest. See Tolzman v. Commissioner, T.C. Memo. 1981-689. In addition, a taxpayer no longer in business may take

deductions that result from the operation of a trade or business previously engaged in. See <u>Schwarcz v. Commissioner</u>, 24 T.C. 733, 740 (1955).

Mr. Gregersen and Mr. Petty testified that the parties expected that Mr. Gregersen's newspaper business would be primarily responsible for paying the note. See <u>Union Bank v. Swenson</u>, 707 P.2d 663, 665 (Utah 1985) (stating that "parol evidence is admissible to show the circumstances under which the contract was made or the purpose for which the writing was executed."). Mr. Petty further testified that he viewed Mr. Gregersen as a guarantor. At the time the note was executed EBNI's stock was collateral for the note. Moreover, the assets and liabilities relating to EBN were transferred to EBNI in 1989. Thus, EBNI was EBN's successor in interest to the note. See <u>Macris & Associates, Inc. v. Neways, Inc.</u>, 986 P.2d 748, 752 (Utah Ct. App. 1999)(quoting <u>Florom v. Elliot Manufacturing Co.</u>, 867 F.2d 570, 575 n.2 (10th Cir. 1989)).

The note was not listed on EBNI's bankruptcy schedules, and EBNI's reorganization plan did not provide for payment of the note. Mr. Petty testified that he did not object to the omission of the note because he knew that the other signers (i.e., Mr. Gregersen) were liable. On May 28, 1993, the U.S. Bankruptcy Court for the District of Utah entered an order confirming EBNI's Chapter 11 reorganization plan. This order confirming EBNI's

plan also discharged the note and other debts arising before confirmation of the plan. See 11 U.S.C. sec. 1141(c) (1994). As guarantor, Mr. Gregersen then became primarily liable for the note's payments. Accordingly, petitioners are entitled to a deduction for interest accrued after the date of confirmation of the bankruptcy plan.

## II.  Net Operating Loss Carryover

Respondent determined petitioners were not entitled to a deduction for the portion of the 1994 net operating loss carryover resulting from the 1993 interest deduction, 1990 through 1993 legal expense deductions, and a 1989 net operating loss carryover. Petitioners were entitled to an accrued interest deduction. The legal expenses, however, did not relate to Mr. Gregersen's Schedule C business, and, because petitioners did not file 1987 or 1988 returns, or elect to waive carryback of the 1989 loss pursuant to section 172(b)(3), they could not establish a carryover from 1989. Accordingly, petitioners are entitled to a net operating loss relating to petitioners' deduction of interest accruing from May 28 through December 31, 1993, on the note.

## III.  S Corporation Deductions

Respondent disallowed a portion of the 1994 interest deductions claimed by EBNI. Petitioners, as the sole shareholders, were required to take into account all of EBNI's

items of income, loss, deduction, or credit.  See sec. 1366(a).
Petitioners presented no credible evidence relating to this
issue.  Accordingly, we sustain respondent's adjustment of
petitioners' 1994 income.

IV.  <u>Accuracy-Related Penalty</u>

Respondent determined that petitioners were negligent in
determining their 1994 tax liability and are liable for a section
6662 penalty.  The penalty applies to the portion of petitioners'
underpayment that is attributable to negligence or disregard of
rules or regulations.  Sec. 6662(b)(1).  Petitioners did not make
a reasonable attempt to report accurately some of their
deductions.  As a result, petitioners are liable for the
accuracy-related penalty.

Contentions we have not addressed are moot, irrelevant, or
meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.