# In the United States Court of Federal Claims

No. 15-756C

(E-Filed:  December 10, 2018)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| LARRY H. MILLER CHEVROLET OF MURRAY, DBA for Larry H. Miller Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Contract; Parol Evidence; Disputed Material Facts and Legal Issues Inadequately Presented; Summary Judgment Not Available Where Liability Is Uncertain. |

Aida Neimarlija, Salt Lake City, UT, for plaintiff.  Richard D. Burbridge and Andrew J. Dymek, Salt Lake City, UT, of counsel.

Joshua A. Mandlebaum, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Allison Kidd-Miller, Assistant Director, United States Department of Justice Civil Division, Washington, DC, for defendant.  Thomas Japhet, Office of General Counsel, United States Department of Agriculture, Golden, CO, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

Before the court are the parties' cross-motions for summary judgment and their reply briefs.[1]  After lengthy stays of proceedings in this matter to permit

---

[1]    The briefs before the court are plaintiff's motion for summary judgment, ECF No. 27, defendant's cross-motion for summary judgment, ECF No. 44, plaintiff's response/reply, ECF No. 45, and defendant's reply, ECF No. 48.

related criminal investigations to reach their conclusion, the parties request that the court rule on their previously-briefed motions, see ECF No. 65 at 1, which do not reflect the facts unearthed in those criminal proceedings. It is not efficient to rule on outdated motions which do not argue from a complete and necessary foundation of material fact.[2] Oral argument was requested only if "helpful" to the court. Id. at 2. Oral argument was not needed; the parties' cross-motions are denied.

I.      Background

The primary question before the court is whether the United States Department of Agriculture (USDA), entered into a contract with Larry H. Miller Chevrolet of Murray, DBA for Larry H. Miller Corporation (plaintiff), to purchase ten pick-up trucks. Both the contracting officer (CO) for USDA and the intermediary for plaintiff, Striker Electric, have been convicted and sentenced based on crimes that are directly related to the acquisition of these trucks by USDA. See ECF No. 60 at 3. Thus, that transaction cannot be understood unless the criminal behavior of the CO and Striker Electric is addressed. In the briefs currently before the court, the criminal behavior of the CO is not addressed at all, and the nature of the criminal activity of Striker Electric is only partially addressed. The court cannot determine whether a contract was formed where the facts stated by the parties ignore many of the facts and issues that are essential to their dispute.

II.     Analysis

The party moving for summary judgment will prevail "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Rules of the United States Court of Federal Claims (RCFC). Here, the parties admit that the only possible issue that can be decided on their summary judgment motions is the government's liability for breach of contract. ECF No. 65 at 1. To determine whether the government is liable for breach of contract, the court must first determine whether a contract was formed between USDA and plaintiff.

This case turns largely on the question of whether USDA and plaintiff possessed a "mutual intent to contract." E.g., Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Two disputes prevent the court from reaching any conclusions in this regard. First, defendant contends that the court

---

[2]     Any efficiencies realized by the parties in their reliance on previously-filed briefs is outweighed by the inadequacy of briefs which do not present an accurate factual background accompanied by relevant legal analysis.

should consider parol evidence in its quest to discover intent to contract, whereas plaintiff insists that the court ignore parol evidence and instead focus on the documents presented to the USDA by Striker Electric and signed by the CO. None of the parties' extensive arguments regarding parol evidence are at all informed by the CO's conviction for accepting a gratuity from Striker Electric.[3]

As both parties note, however, parol evidence serves a purpose when contract documents are created in circumstances where fraudulent or sham transactions are suspected.[4] When wrongful conduct of one of the parties is alleged, courts have been willing to look beyond the text of the document executed by both parties. See, e.g., Union Bank v. Swenson, 707 P.2d 663, 666 (Utah 1985) ("Parol evidence is admissible to prove that a party was induced into a contract by fraud.") (citation omitted). The contract documents relied upon by plaintiff were signed in circumstances that included behavior of a criminal nature. The parties' arguments regarding parol evidence cannot be divorced from that factual background, and the admissibility of parol evidence cannot be decided as if such facts did not exist. In other words, the court cannot rule on the relevance of parol evidence here, in circumstances tainted by criminal behavior, until all of the facts pertinent to the admissibility question have been adequately briefed by the parties.

The second dispute that prevents the court from reaching the contract formation issue is the question of the CO's subjective intent to contract at the time he signed the contract forms proffered by Striker Electric. What the CO knew, what the CO assumed, what the CO intended, what the CO gained from putting his signature on the documents are all questions that the parties extensively and exhaustively debated in the briefs before the court. Nowhere, however, do these

_____

[3] The parol evidence dispute is central to the liability question before the court, and was extensively argued by the parties. See ECF No. 27 at 20-24 (arguing that only objective evidence found in the language of the contract documents, not parol evidence of subjective intent, is relevant to this dispute); ECF No. 44 at 35-36, 45, 50, 53 (relying on parol evidence to conclude that the CO had no intent to enter into a contract with plaintiff); ECF No. 45 at 7-8, 16-20 & n.5 (arguing that no extraordinary circumstances in this transaction merit the consideration of parol evidence); ECF No. 48 at 12-13 (arguing that parol evidence should be considered by the court in this case).

[4] See ECF No. 44 at 35-36 (citing authorities for the use of parol evidence where invalidating circumstances may exist); ECF No. 45 at 16-18 (citing authorities for the proposition that extraordinary circumstances such as fraud permit recourse to parol evidence); ECF No. 48 at 12-13 (citing authorities for the proposition that the circumstances of contract execution may permit the introduction of parol evidence).

outdated briefs acknowledge the CO's criminal conviction for accepting a gratuity from Striker Electric. Thus, these briefs inaccurately and incompletely analyze the CO's actions.

The parties now know a great deal more about the CO's activities at the time of alleged contract formation, but their briefs do not reflect this knowledge.[5] The conclusions drawn as to the CO's subjective intent, and the legal conclusions drawn as to the significance of the CO's signatures on the forms presented by Striker Electric, are necessarily incomplete. The parties also do not adequately address the question of whether criminal actions by an officer of the United States can bind the United States in contract, see ECF No. 44 at 55-66 (citing cases), and whether that question is relevant to the facts of this case.

III.    Conclusion

In sum, the briefing before the court does not adequately address a number of disputed material facts and issues of law, and does not permit a determination of liability in this matter. Accordingly,

(1)     Plaintiff's motion for summary judgment, ECF No. 27, is **DENIED**;

(2)     Defendant's cross-motion for summary judgment, ECF No. 44, is **DENIED**; and,

(3)     The parties shall **FILE** a **joint status report** proposing further proceedings in this matter on or before **December 19, 2018**.

IT IS SO ORDERED.


s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

---

[5]     The court does not believe further discovery is required. Moving forward, the parties must found their arguments regarding contract formation upon the facts they have disclosed to the court, and must tailor their legal analyses accordingly.