In the Matter of the ESTATE of Ernest Albin BARTELL, aka Ernest A. Bartell, aka Earnest A. Bartell, Deceased.

Appeal of Lola BARTELL.

No. 20795.

Supreme Court of Utah.

March 28, 1989.

George K. Fadel, Bountiful, for appellant.

C. Gerald Parker, Ogden, for the personal representative of the estate.

MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Ernest Bartell died testate, but his will, executed before his marriage to Lola Bartell, did not mention her. Lola Bartell sought a declaration from the district court probating her husband's estate that she is an "omitted spouse" within the meaning of section 2–301(1) of the Utah Uniform Probate Code and is therefore entitled to an intestate share of her husband's estate. Utah Code Ann. § 75–2–301 (1978); see Utah Code Ann. § 75–2–102(1)(a) (1978). After a bench trial, the court found that Ernest intended to provide for Lola by transfers outside his will. The court therefore concluded that she was not entitled to be treated as an omitted spouse. Lola appeals, contending that the evidence was insufficient to support the trial court's determination.

Section 75–2–301 provides:

If a testator fails to provide by will for his [or her] surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he [or she] would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the *intent* that the transfer be in lieu of a testamentary provision *is shown by* [1] *statements of the testator or* [2] *from the amount of the transfer or* [3] *other evidence.*

Utah Code Ann. § 75–2–301 (1978) (emphasis added).

Under this Code section, the question for the trial court was whether Ernest had provided for Lola outside the will and had intended that this provision be in lieu of her taking under the will. In making this determination, the court could consider the statements of Ernest, the amount transferred, or other evidence of intent.

The trial court found Ernest's statements to be inconclusive as to his intent. However, it did find that Ernest had transferred some $230,000 to Lola in the years

immediately preceding his death. The court found that the amount transferred, when considered in light of the fact that only about $100,000 remained in Ernest's estate, was enough to indicate an intent to provide for Lola after his death and was in lieu of a testamentary provision. As for "other evidence," the trial judge found that Ernest had built a home in Ogden with the help of some close family members and that if Ernest had wanted the home to go to Lola rather than to the close family members who took it under the will, he was sufficiently astute in business matters to have changed his will or transferred the Ogden home into joint ownership with Lola, as he had done with other property. Based on these findings, the trial court determined that Lola was not an omitted spouse under section 2–301(1) and was not entitled to an intestate share.

■ Lola attacks the trial court's findings but, in so doing, fails to acknowledge our standard of review. When an appellant claims that the evidence is insufficient to support the trial court's findings of fact, we do not weigh the evidence de novo; great deference is given to the trial court's findings, especially when they are based on an evaluation of conflicting live testimony. *See* Utah R.Civ.P. 52(a); *State v. Walker,* 743 P.2d 191, 192–93 (Utah 1987). When the appeal is from a jury's fact-finding, we have said that the appellant has the obligation to marshal all the evidence in support of those findings and, considering that evidence in a light most favorable to the jury, still demonstrate that the findings lack substantial evidentiary support. *Cambelt Int'l Corp. v. Dalton,* 745 P.2d 1239, 1242 & n. 1 (Utah 1987); *see Scharf v. BMG Corp.,* 700 P.2d 1068, 1069–70 (Utah 1985) (decided before Utah R.Civ.P. 52(a) designated different standard for review of a judge's findings). The burden of proof is somewhat less when the appeal is from a judge's findings because we need only conclude that the findings are "clearly erroneous" under rule 52(a), but the mode of presentation and demonstration that must be followed by an appellant is the same. An appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be "against the clear weight of the evidence," thus making them "clearly erroneous." *Walker,* 743 P.2d at 193. Whether the facts have been found by a jury or a judge, appellants should recognize that the burden of overturning factual findings is a heavy one, reflective of the fact that we do not sit to retry cases submitted on disputed facts.

■ In this case, Lola has not even attempted to marshal the evidence in support of the trial court's findings, nor has she attempted to demonstrate that the trial court's findings are against the clear weight of the evidence, as required by *Walker.* Instead, she has essentially reargued the factual case submitted below, construing all evidence in a light most favorable to her case and largely ignoring the evidence supportive of the trial court's findings. This leaves us to rely heavily on the presumption of correctness that attends these findings under rule 52(a). In any event, we have considered the evidence and are not persuaded that the trial court's findings regarding the decedent's intent were clearly erroneous.

The judgment is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.