**OHLINE CORPORATION, a California Corporation, Plaintiff and Appellant,**

v.

**GRANITE MILL, a Utah Corporation, Defendant and Appellee.**

No. 920215–CA.

Court of Appeals of Utah.

March 9, 1993.

Gerald M. Conder, Salt Lake City, for plaintiff and appellant.

Bruce T. Jones and Paul M. Simmons, Salt Lake City, for defendant and appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

## OPINION

BILLINGS, Presiding Judge:

Plaintiff Ohline Corporation filed this action to collect the balance of $9405 due for window shutters delivered to Granite Mill. Granite Mill acknowledged it received the shutters but claimed it was entitled to an offset equal to the $9405 unpaid purchase price because Ohline had breached the parties' contract by delivering the shutters late. The trial court, after a trial on the merits, awarded Granite Mill the offset. We affirm.

## FACTS

We recite the facts in a light most favorable to the trial court's findings. *State v. Moosman*, 794 P.2d 474, 476 (Utah 1990). In April 1989, Granite Mill entered into a contract with the Las Vegas Hilton Corporation to remodel suites in the Las Vegas Hilton Hotel. The contract required the work be completed on or before August 4, 1989. If Granite Mill did not complete work by the contract date, Granite Mill was required to pay the rental value of the suites until they were available.

Granite Mill contracted with Ohline to manufacture window shutters for the remodeling project. Granite Mill repeatedly communicated to Ohline the strict August 4, 1989 completion deadline and the parties structured the contract accordingly. On May 5, 1989, Granite Mill sent Ohline a purchase order for 288 shutters. Due to disagreement on payment terms, Ohline cancelled the May 5th order five days later. After agreeing on credit and payment terms, the purchase order was reinstated and a sales contract was finalized. The final contract specified the shutters would be delivered to Granite Mill "by the third week in July—Hopefully Mid-Month." The trial court interpreted this to mean the shutters would be finished and ready for shipment to Granite Mill no later than July 22, 1989, the last day of the third week of July.

On June 6, 1989, Granite Mill faxed Ohline the final shutter measurements, and Ohline began work. On Saturday, July 22, 1989, Ohline delivered eighty-six or eighty-seven shutters, approximately one-third of the order. The balance of the order was shipped via commercial carrier in two separate shipments. Thirty-three shutter units were shipped on July 25, and the balance was shipped on July 26. Granite Mill did not receive all of the shutters until the afternoon of July 28, 1989, six days late.

As a result of the late shipments by Ohline, Granite Mill was forced to work 435 hours of overtime so the shutters could be installed by the August 4th deadline. The 435 overtime hours equated to $9405 of pay above Granite Mill's regular hourly rates. Ohline invoiced Granite Mill $45,328.62 for the shutters. Granite Mill timely paid all of the invoice minus the $9405 which it claimed as an offset for damages caused by the late delivery.

Ohline subsequently filed suit against Granite Mill seeking recovery of the $9405. The trial court concluded Ohline had breached its agreement to deliver the shutters by July 22, 1989 and Ohline's breach had damaged Granite Mill in the amount of $9405. Thus, the court entered judgment in favor of Granite Mill.

On appeal, Ohline claims the trial court erred in allowing Granite Mill to offset the $9405 arguing the trial court's findings of fact were in error. It further claims Granite Mill was not entitled to an offset because the court erred in considering the overtime wages as incidental damages under Utah Code Ann. § 70A–2–715 (1990).[1]

## I. FAILURE TO MARSHAL EVIDENCE

■ As a threshold issue, Ohline challenges findings of fact made by the trial court. Ohline claims the trial court erred in finding that: (1) Ohline was aware of Granite Mill's August 4, 1989 completion deadline at the time they entered the contract; (2) Ohline agreed to have the shutters ready for shipment no later than July 22, 1989; (3) Ohline failed to have the materials ready for shipment on or before July 22, 1989; (4) Granite Mill was injured in the amount of the overtime wages by the late delivery; and, (5) Granite Mill made reasonable efforts to mitigate its damages.

Utah's appellate courts have been clear on the burden an appellant must meet when challenging a trial court's findings of fact. To successfully challenge a trial court's findings of fact on appeal, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.'" *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989) (quoting *State v. Walker*, 743 P.2d 191, 193 (Utah 1987)). "If the appellant fails to marshal the evidence, the appellate court assumes that the record supports the findings of the trial court and proceeds to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case." *Saunders v. Sharp*, 806 P.2d 198, 199 (Utah 1991).

Ohline has failed to marshal the evidence. Instead, Ohline has merely selected facts from trial that are most favorable to its position, and then reargued those facts to this court on appeal. Such a tactic ignores "the rules designed to give stability to jury verdicts." *Hodges v. Gibson Prods. Co.*, 811 P.2d 151, 156 (Utah 1991). Therefore, we accept the following dispositive facts: (1) Ohline understood Granite Mill had a strict August 4, 1989 deadline; (2) both Ohline and Granite Mill understood and agreed the shutters Ohline was furnishing were to be finished and ready for shipment no later than July 22, 1989; (3) Ohline did not have the shutters ready for shipment by July 22, 1989; (4) Granite Mill was damaged in the amount of $9405 for overtime pay to install the late shutters; and, (5) Granite Mill was diligent and made reasonable efforts to mitigate its damages.

---

**1.** Ohline also asserts the late delivery was excused because Granite Mill contributed to the delay. Ohline, however, raises this issue for the first time on appeal.

To preserve a substantive issue for appeal, a party must timely bring the issue to the attention of the trial court, thus providing the court an opportunity to rule on the issue's merits. "Issues not raised in the trial court in timely fashion are deemed waived, precluding [the appellate court] from considering their merits on appeal."

*LeBaron & Assoc., Inc. v. Rebel Enter.*, 823 P.2d 479, 482–83 (Utah App.1991) (citations omitted) (quoting *Salt Lake County v. Carlston*, 776 P.2d 653, 655 (Utah App.1989)). We therefore refuse to consider the issue of excused delay for the first time on appeal.

## II. OFFSET

■ Ohline next argues that even if we accept the trial court's factual findings, the trial court incorrectly applied Utah Code Ann. § 70A–2–717 (1990)[2] in concluding Granite should receive an offset because of Ohline's late delivery. Ohline argues the overtime damages are not recoverable as either incidental or consequential damages as defined in Utah Code Ann. § 70A–2–715 (1990).

This court reviews a trial court's conclusions of law for correction of error. In short, "we accord conclusions of law no particular deference, but review them for correctness." *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). A trial court's interpretation and application of a statute, as in the instant case, presents a question of law. *State ex rel. Division of Consumer Protection v. Rio Vista Oil, Ltd.*, 786 P.2d 1343, 1347 (Utah 1990); *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1038 (Utah 1989). Accordingly, we review for correctness the trial court's determination that Granite Mill's overtime damages were incidental damages under section 70A–2–715, and thus were properly offset pursuant to section 70A–2–717.

Whether Granite Mill's overtime damages are labeled as incidental or consequential is not important under the facts of this case. Section 70A–2–715 provides:

(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

Utah Code Ann. § 70A–2–715 (1990). Under this statute, to recover incidental damages, a buyer must show the damages (1) were incurred because of the breach, and (2) were reasonable. James J. White & Robert S. Summers, *Uniform Commercial Code* § 6–5, at 266 (3d ed. 1988) (White & Summers). In contrast, to recover consequential damages, the buyer must establish: (1) causation, (2) foreseeability, (3) reasonable certainty as to amount, and (4) the buyer is not barred by mitigation doctrines. *See* Utah Code Ann. § 70A–2–715(2); White & Summers § 6–5, at 266.

Ohline does not challenge Granite Mill's right to an offset if the damages are properly characterized as incidental. The plain language of section 70A–2–715, includes overtime wages as "any other reasonable expense incident to the delay or other breach." Utah Code Ann. § 70A–2–715 (1990). Furthermore, although the caselaw is limited, there is precedent for labeling overtime damages as incidental. *See Jay V. Zimmerman Co. v. General Mills, Inc.*, 327 F.Supp. 1198, 1205 (E.D.Mo.1971) (holding overtime damages incidental under U.C.C. § 2–715); *Bockman Printing & Services v. Baldwin–Gregg, Inc.*, 213 Ill. App.3d 516, 527, 157 Ill.Dec. 630, 638, 572 N.E.2d 1094, 1102 (1991) (concluding overtime damages may be either incidental or consequential).[3]

---

**2.** That section provides: "The buyer on notifying the seller of his intentions to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract." Utah Code Ann. § 70A–2–717 (1990).

Ohline does not challenge the trial court's application of section 70A–2–717, but rather limits its appeal to whether the damages were properly labeled incidental under Utah Code Ann. § 70A–2–715 (1990). Accordingly, whether Granite Mill properly notified Ohline of its intention to deduct damages from the purchase price as required by section 70A–2–717 is not at issue.

**3.** *But see Kabco Equip. Specialists v. Budgetel*, 2 Ohio App.3d 58, 440 N.E.2d 611, 614 (1981) (finding overtime conceivably recoverable as consequential damages); *Consolidated Aluminum Corp. v. Krieger*, 710 S.W.2d 869 (Ky.App.

Even if we were to accept Ohline's characterization of the overtime damages as consequential, the result is no different. Ohline contends the facts do not satisfy the statute's foreseeability requirement for consequential damages, because Ohline had no reason to know of the August 4, 1989 deadline. This argument fails because the trial court found Ohline was fully aware of the deadline when they contracted with Granite Mill, a finding we uphold. Therefore, even if Ohline is correct that Granite Mill's overtime damages are consequential rather than incidental, Granite Mill is still entitled to the offset.

## CONCLUSION

Because Ohline failed to satisfy its burden to marshal the evidence, we accept the trial court's findings of fact. Furthermore, Granite Mill was entitled to damages, and therefore an offset, regardless of whether the overtime damages are considered incidental or consequential under section 70A–2–715. Accordingly, we affirm the judgment.

GREENWOOD and RUSSON, JJ., concur.

1986) (recognizing trial court's award of overtime wages as consequential damages even though labeling not challenged on appeal).