**ONEIDA/SLIC, an Arizona Partnership, Plaintiff and Appellant,**

v.

**ONEIDA COLD STORAGE AND WAREHOUSE, INC., a Colorado corporation, Defendant, Third-party Plaintiff, and Appellant,**

v.

**METALCLAD INSULATION CORPORATION OF CALIFORNIA, a California Corporation, Third-party Defendant, Fourth-party Plaintiff, and Appellee.**

No. 920434–CA.

Court of Appeals of Utah.

April 1, 1994.

Rehearing Denied May 3, 1994.

Robert G. Gilchrist, Salt Lake City, Kermit A. Brashear, II, Craig A. Knickrehm, and Donald J. Straka, Omaha, NE, for plaintiff-appellant.

Jeffrey E. Nelson, Salt Lake City, for defendant-appellee.

Before DAVIS and JACKSON, JJ., and REGNAL W. GARFF, Senior District Judge.[1]

## OPINION

JACKSON, Judge:

Oneida Cold Storage and Warehouse, Inc. (Oneida) challenges the trial court's dismissal of breach of contract, breach of warranty, and negligence claims against Metalclad Insulation Corporation (Metalclad). Oneida specifically disputes the findings of fact upon which the trial court based its dismissal. Because Oneida has failed to marshal all the evidence in support of those findings, we refuse to consider its challenge and summarily affirm the trial court's dismissal.

## BACKGROUND [2]

In 1981 Roth Company (Roth) contracted to design and build the shell of a cold storage warehouse in Salt Lake City, Utah for Oneida/SLIC (SLIC). In connection with the development of the warehouse, SLIC entered into a lease agreement with Oneida, under which Oneida agreed to lease approximately 65,000 square feet of warehouse space. As part of the lease agreement, Oneida agreed to supply all insulation and vapor barrier materials necessary for construction of the warehouse's insulated areas.

To fulfill its lease obligation, Oneida entered into two separate contracts with Metalclad, under which Metalclad agreed to supply the insulation materials to be used for the warehouse and to supervise the installation of those materials.

Oneida filed a third-party complaint against Metalclad to recover damages resulting from defects in the warehouse's insulated concrete floor slab system.[3] The concrete floor cracked, buckled, and broke up, both during and after construction. Oneida claimed that Metalclad had breached express and implied warranties relating to the floor insulation that Metalclad had supplied.

The trial court found that Oneida failed to prove Metalclad had breached either of the contracts or had breached express and implied warranties relating to the insulation products. The trial court also found that Oneida failed to prove Metalclad was involved in designing the floor slab system. Finally, the trial court found that Oneida failed to prove Metalclad negligently caused or contributed to the damages which Oneida sustained. Accordingly, the trial court dismissed all of Oneida's claims against Metalclad. Oneida now appeals that dismissal.

## APPELLANT'S FAILURE TO MARSHAL THE EVIDENCE

Oneida presents six issues in its brief, four of which are indisputably issues of fact and two of which Oneida characterizes as issues of law. The first issue that Oneida characterizes as one of law challenges the trial court's denial of damages resulting from alleged breaches of contract and warranties. The trial court's denial of Oneida's claim for damages, however, simply followed its finding that Metalclad did not breach its contracts or warranties. The second issue that Oneida characterizes as one of law challenges the trial court's ruling that Metalclad was not jointly liable with Roth. The trial court's determination that Metalclad was not jointly liable, once again, simply followed its finding that Metalclad was not negligent. In other words, the trial court's dismissal of Metalclad's damages and liability claims resulted from the trial court's findings of fact and not from its application, interpretation, or choice of law. Thus despite Oneida's characterization, all the issues presented on appeal dispute the trial court's findings of fact.

▆▆▆ Utah appellate courts do not take trial courts' factual findings lightly. We repeatedly have set forth the heavy burden appellants must bear when challenging factual findings. To successfully appeal a trial court's findings of fact, appellate counsel

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Utah Code Ann. § 78–3–24(10) (1992).

2. The parties do not dispute the following statement of the case.

3. SLIC filed the original complaint against Roth for breach of contract, negligence, and breach of warranties. At trial the court entered a judgment against Roth for $1,909,401.57 plus interest and costs. Roth does not appeal that judgment.

must play the devil's advocate. "[Attorneys] must extricate [themselves] from the client's shoes and fully assume the adversary's position. In order to properly discharge the [marshaling] duty . . ., the challenger must present, in comprehensive and fastidious order, every scrap of competent evidence introduced at trial which *supports* the very findings the appellant resists." *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah App.1991); *accord In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989); *State v. Walker*, 743 P.2d 191, 193 (Utah 1987); *Commercial Union Assocs. v. Clayton*, 863 P.2d 29, 36 (Utah App.1993); *Ohline Corp. v. Granite Mill*, 849 P.2d 602, 604 (Utah App. 1993). Once appellants have established every pillar supporting their adversary's position, they then "must ferret out a fatal flaw in the evidence" and show why those pillars fail to support the trial court's findings. *West Valley City*, 818 P.2d at 1314. They must show the trial court's findings are "so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.'" *Bartell*, 776 P.2d at 886 (quoting *Walker*, 743 P.2d at 193).

This rigorous standard reflects the doctrine that appellate courts "do not sit to retry cases submitted on disputed facts." *Bartell*, 776 P.2d at 886. Accordingly, "[w]hen the duty to marshal is not properly discharged, we refuse to consider the merits of challenges to the findings and accept the findings as valid." *Mountain States Broadcasting Co. v. Neale*, 783 P.2d 551, 553 (Utah App. 1989).

■ Oneida has failed to marshal the evidence in support of the trial court's factual findings. Rather than bearing its marshaling burden, Oneida has merely presented carefully selected facts and excerpts of trial testimony in support of its position. Such selective citation to the record does not begin to marshal the evidence; it is nothing more than an attempt to reargue the case before this court—a tactic that we reject. *Commercial Union*, 863 P.2d at 36; *Ohline*, 849 P.2d at 604. Because Oneida has failed to marshal the evidence supporting the trial court's findings, we hold that those findings are ac-

curate and affirm the trial court's dismissal based on those findings.

■ As we decline to consider the merits of Oneida's appeal, we take the occasion to further articulate our rationale behind the marshaling requirement. We recognize that requiring appellants who challenge trial courts' factual findings first to marshal all the evidence in support of those findings and second to demonstrate why that evidence remains insufficient to support those findings is a rigorous standard. Nonetheless, this strict requirement both grows from and nurtures two interrelated court objectives: efficiency and fairness.

The deference we afford to trial courts' findings is based on and fosters the principle that traditional fact finders, whether judges or juries, are better equipped to consider, weigh, and assess the evidence that litigants bring before the courts. Efficient resolution of disputes demands that, unless the facts found by the trial court are clearly erroneous, they will be upheld on appeal. In short, "[w]e do not sit to retry the facts." *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991). Successful challenges to findings of fact thus must demonstrate to appellate courts first how the trial court found the facts from the evidence and second why such findings contradict the weight of the evidence. These demonstrations in appellants' briefs not only avoid retrying the facts but also assist us in our decision-making and opinion-writing, thus increasing our efficiency.

Additionally, the deference we afford to trial courts' factual findings is based on and fosters the principle that appellants rather than appellees bear the greater burden on appeal. When appellants do not marshal the evidence in support of disputed findings, they place appellees or respondents in a precarious position. Prudent appellees likely will not rely solely on an assertion that the appellant has failed to marshal the evidence; rather, appellees are compelled to perform the marshaling process to protect their position. In short, appellees are constrained to do the appellant's work, usually at considerable time

and expense.[4] When appellants challenge findings of fact, fairness requires that they bear the costs of demonstrating how the trial court found those facts from the evidence and why those findings contradict the weight of the evidence. The marshaling requirement, therefore, enhances both fairness and efficiency as appellate courts hear appeals of trial court rulings.

## CONCLUSION

Because Oneida has failed to marshal the evidence in support of the factual findings which it disputes, we decline to reach the merits of its appeal. We hold that the trial court's findings of fact are accurate, and accordingly we affirm the trial court's dismissal of Oneida's claims against Metalclad.

DAVIS, J., and REGNAL W. GARFF, Senior District Judge, concur.

---

4. In the instant case, Metalclad's attorneys admirably marshalled the evidence to protect their client on appeal. That evidence supports the trial court's findings.