**Margaret B. HALL, Plaintiff and Petitioner,**

v.

**PROCESS INSTRUMENTS AND CONTROL, INC., a Utah corporation, Defendant and Respondent.**

No. 940054.

Supreme Court of Utah.

Feb. 6, 1995.

Rehearing Denied March 30, 1995.

Scott B. Mitchell, Salt Lake City, for plaintiff.

James A. McIntyre, Murray, and Richard R. Golden, Salt Lake City, for defendant.

DURHAM, Justice:

Plaintiff Margaret B. Hall petitions for a writ of certiorari, seeking review of a court of appeals decision that affirmed the trial court's ruling of no cause of action on her breach of contract claim. *Hall v. Process Instruments & Control, Inc.,* 866 P.2d 604 (Utah Ct.App.1993). The court of appeals concluded that the trial court correctly applied the parol evidence rule to exclude testimony regarding the parties' employment agreement. We affirm.

In February 1981, plaintiff entered into a written employment agreement with defendant Process Instruments and Control, Inc. ("Process"). Under the terms of the employment agreement, Process promised to pay Mrs. Hall $1,000 per month beginning March 1, 1981, and continuing through February 1984. Although Mrs. Hall never went to work for Process, Process paid her for fourteen months. In May 1982, Process informed Mrs. Hall that she had been terminated for failure to show up for work.

Mrs. Hall filed a complaint in May 1982 alleging wrongful discharge, claiming that she had "fully performed the obligations and rendered the services contemplated by [the agreement]" and that she "continue[d] to be able and willing to perform such obligations." She failed to pursue the case until August 1990, at which time she amended her complaint to allege that John A. Hall, her ex-husband and the sole shareholder of Process, had represented to her at the time of the agreement that she would never have to work for Process and that the salary specified in the employment agreement would be paid in return for her promise to forego alimony.[1] The court permitted the amendment.

At trial, the court allowed Mrs. Hall to introduce parol evidence, subject to exclusion, for the limited purpose of establishing whether the agreement was integrated. The court then excluded the evidence, finding that the agreement was "unambiguous" and appeared to be "complete." The court ruled that Mrs. Hall had no cause of action because she had failed to perform her obligations under the employment agreement and had "fail[ed] to establish that the meaning or intent of the employment agreement was anything other than its clearly written terms." Mrs. Hall appealed the trial court's decision to the court of appeals, claiming that parol evidence was necessary to "elucidate the real meaning of the employment agreement since the parties never intended the written contract to be the full and complete expression of their agreement." *Id.* at 606. The court of appeals affirmed the trial court's decision.

Mrs. Hall now appeals the court of appeals' decision, claiming that the court of appeals erroneously applied the parol evidence rule. She claims that the trial court failed to make the required threshold finding of integration of the contract before excluding her testimony regarding the intent of the parties and therefore that the court of appeals erred in affirming the trial court. Mrs. Hall also claims that the trial court should have allowed the testimony of Brent Turley in making its threshold determination of integration[2] and that the court of appeals erroneously affirmed the exclusion by relying solely on the finding that the agreement was clear and unambiguous.

This court has noted that as a principle of contract interpretation, the parol evidence rule has a very narrow application. *Union Bank v. Swenson,* 707 P.2d 663, 665 (Utah 1985). Simply stated, the rule operates, in the absence of fraud or other invalidating causes, to exclude evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an *integrated* contract. *Id.* (citing inter alia *Eie v. St. Benedict's Hosp.,* 638 P.2d 1190, 1192 (Utah 1981)); *see also* Restatement (Second) of Contracts §§ 213–14 (1981). Under this general rule, "an apparently complete and certain agreement which the parties have reduced to writing will be conclusively presumed to contain the whole agreement." *Eie,* 638 P.2d at 1194. Thus, before considering the applicability of the parol evidence rule in a contract dispute, the court must first determine that the parties intended the writing to be an integration. To resolve this question of fact, any relevant evidence is admissible. *Union Bank,* 707 P.2d at 665 (citing *Eie,* 638 P.2d at 1194).

Once a court determines that an agreement is integrated, parol evidence, although not admissible to vary or contradict the clear and unambiguous terms of the con-

---

1. In February 1981, the same month the employment agreement was signed, Mr. Hall filed for divorce. A decree of divorce was entered in June 1981 which provided that no alimony would be awarded to Mrs. Hall. The divorce decree makes no reference to the employment agreement.

2. Turley allegedly would have testified that in 1976, Mr. Hall offered him a salaried position with Process, where he would not actually have to work, in lieu of a down payment Mr. Hall owed Mr. Turley. Mrs. Hall claims that Turley's testimony would "clearly have had a tendency to make it more probable that the consideration promised and given by Mrs. Hall in exchange for Defendant's promises under the Employment Agreement was not her promise to go to work for Defendant ..., but, rather, was her promise to forego her claim to alimony in the Divorce Action."

tract, is admissible to clarify ambiguous terms. *Colonial Leasing Co. v. Larsen Bros. Constr.,* 731 P.2d 483, 487 (Utah 1986). The application of the parol evidence rule therefore involves two steps. First, the court must determine whether the agreement is integrated. If the court finds the agreement is integrated, then parol evidence may be admitted only if the court makes a subsequent determination that the language of the agreement is ambiguous.

■ In this case, the trial court made a conclusion of law that the employment agreement was "clear and unambiguous on its face and not subject to change by parole [sic] evidence." Plaintiff argues that this conclusion related only to the question of ambiguity in the contract and that the trial court failed to make the necessary threshold determination of integration.

We disagree with plaintiff's characterization of the trial court's findings. Although the trial court failed to use the term "integration," it nonetheless made the necessary threshold findings for a correct application of the parol evidence rule. An integrated agreement is defined as "a writing or writings constituting a final expression of one or more terms of an agreement." Restatement (Second) of Contracts § 209 (1981). This court has held that whenever a litigant insists that a writing is an integration and requests application of the parol evidence rule, the court must determine whether the parties adopted a particular writing or writings "as the *final and complete* expression of their bargain." *Eie,* 638 P.2d at 1194 (emphasis added).

In its findings of fact, the trial court found that the terms of the employment agreement "appear to be complete." Moreover, in its pretrial order, the trial court included as a factual question for trial whether the parties intended the employment agreement "to represent [their] full and complete agreement." Evidently, the use of the term "complete" in place of the term "integrated" has caused some confusion. Notwithstanding this confusion, because the trial court found that the contract was complete, we can infer that the court intended to make the prerequisite finding of integration. Indeed, the trial court

listed the following as a finding of fact: "Plaintiff was allowed to introduce parole [sic] evidence, subject to exclusion, in order to attempt to establish that the agreement was not either an *integration or a partially integrated contract.*" (Emphasis added.) This finding clearly indicates that the trial court, prior to excluding the parol evidence, made a determination that the agreement was integrated. Moreover, because this court has described an integrated agreement as a writing which the parties intend as the "final and complete expression of their bargain," we may assume that the trial court intended "complete" and "full and complete" to mean integrated. *See id.; see also Union Bank,* 707 P.2d at 665 (describing rebuttable presumption of integration: " 'Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.' " (quoting Restatement (Second) of Contracts, § 209(3) (1981))). Thus, notwithstanding the trial court's lack of semantic specificity in this case, we are satisfied that its use of the term "complete" was equivalent to a finding of integration. That finding, although contrary to plaintiff's testimony, was amply supported by other testimony and evidence at trial.

Accordingly, the court of appeals did not err in affirming the trial court's application of the parol evidence rule. In its opinion, the court of appeals correctly recognized that when a court is asked to apply the parol evidence rule, it must first determine whether the agreement is integrated. *Hall,* 866 P.2d at 606 (citing *Webb v. R.O.A. General, Inc.,* 804 P.2d 547, 551 (Utah Ct.App.1991)). "If a contract is determined to be integrated, the parol evidence rule 'excludes evidence of terms in addition to those found in the agreement.' " *Id.* (quoting *Eie,* 638 P.2d at 1194 and citing Restatement (Second) of Contracts § 209(2) (1981)). The court of appeals then addressed the issue of ambiguity, indicating that if a contract is found to be integrated and the terms are unambiguous, then parol

evidence is generally not admissible to explain the parties' intent. *Id.*

After explaining the parol evidence rule, the court of appeals addressed the trial court's findings. The court of appeals noted that after reviewing evidence of the agreement's integration, the trial court found that the terms of the agreement appeared to be "complete and certain." *Id.* Accordingly, the court of appeals found that the trial court correctly applied the parol evidence rule to exclude Mrs. Hall's testimony. As discussed above, we agree with the court of appeals' conclusion.

 Mrs. Hall also contends that the trial court misapplied the parol evidence rule because "both parties ... testified that the Employment Agreement was not the full and complete agreement." We read this as a challenge to the trial court's findings of fact.[3] However, Mrs. Hall has failed to meet her burden on appeal to " 'marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be against the clear weight of the evidence, thus making them clearly erroneous.' " *State v. A House & 1.37 Acres*, 886 P.2d 534, 538 n. 4 (1994) (quoting *In re Estate of Bartell*, 776 P.2d 885, 886 (Utah 1989)). Absent such a showing, we "assume[ ] that the record supports the findings of the trial court and proceed to a review of the accuracy of the lower court's conclusions of law and the application of that law in the case.". *Id.* (citations omitted).

 Mrs. Hall also challenges the court of appeals' conclusion that the trial court did not abuse its discretion in excluding Mr. Turley's testimony. We disagree. The trial court did not exceed the bounds of its discretion. We note, however, that the court of appeals' decision causes some confusion by referring to the trial court's finding that the agreement was clear and unambiguous as legitimate grounds for excluding Turley's

testimony. *Hall*, 866 P.2d at 606 n. 2. Indeed, this fails to address Mrs. Hall's contention. Mrs. Hall contends that Turley's testimony[4] was relevant to the issue of *integration*. All relevant evidence is admissible to prove integration. *Eie*, 638 P.2d at 1194. Thus, the trial court's finding of clear and unambiguous contract terms should have had no bearing on its decision to exclude testimony regarding the threshold issue of integration, as the court of appeals' opinion seems to imply. Because the court of appeals failed to adequately address Mrs. Hall's argument, we address it here.

 We find that the trial court legitimately excluded Turley's testimony as irrelevant to determining whether the agreement was integrated. Trial courts are granted broad discretion in determining the relevance of proffered evidence, and we will find error only if the trial court abused its discretion. *State v. Wetzel*, 868 P.2d 64, 67 (Utah 1993); *Nay v. General Motors Corp.*, 850 P.2d 1260, 1262 (Utah 1993). The Turley episode was sufficiently attenuated in time and substance from the facts of this dispute to provide little probative value on the issue of integration. Accordingly, we cannot say that the trial court's decision to exclude Turley's testimony was beyond the bounds of reasonability. We therefore affirm the court of appeals' decision to affirm the trial court's ruling on this issue.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE, J., and WILLIAM B. BOHLING, District Judge, concur.

RUSSON, J., having disqualified himself, does not participate herein; WILLIAM B. BOHLING, District Judge, sat.

---

3. If extrinsic evidence is considered by the trial court to determine whether an agreement is integrated, then the issue of integration presents a factual question, *Eie*, 638 P.2d at 1194, thereby limiting review by an appellate court. Utah R.Civ.P. 52(a).

4. Turley's testimony allegedly would have shown that Mr. Hall had, on at least one other occasion, attempted to use an employment agreement as consideration for the payment of his personal financial obligations.