1999 UT App 126

**Dorene LEE and Parley Baker, Plaintiffs and Appellant,**

v.

**Dale M. BARNES and Diana Jean Barnes, Defendants and Appellees.**

**No. 980032–CA.**

Court of Appeals of Utah.

April 22, 1999.

---

7. We do not award attorney fees to Colonial Pacific on appeal as it is not the prevailing party.

Before WILKINS, P.J., and BENCH and BILLINGS, JJ.

## OPINION

BENCH, Judge:

¶ 1 Appellant asserts that the trial court erred both ·in granting appellees' motion for summary judgment and in denying her own motion for summary judgment. Both appellant and appellees seek attorney fees under the contract. We affirm and remand to the trial court for an award of attorney fees appellees have incurred on appeal.

## BACKGROUND

¶ 2 Because this is an appeal from a grant of summary judgment, we recite the facts in the light most favorable to the nonmoving party. *See Glover v. Boy Scouts of Am.,* 923 P.2d 1383, 1384 (Utah 1996).

¶ 3 In early 1997, Parley Baker (Baker), on behalf of himself and his business associate, appellant Dorene Lee, contacted a realtor for the purpose of locating and purchasing land in Tremonton, Utah. Shortly thereafter, the realtor informed Baker that he had secured a listing for the sale of approximately 36.6 acres of land owned by appellees Dale and Diana Barnes. On March 6, 1997, Baker and the realtor prepared an offer for the purchase of appellees' property by way of a Real Estate Purchase Contract (the Contract).

¶ 4 The controversy in this case concerns the closing date under the Contract. In the section entitled Method of Payment, the Contract provides for the payment of $20,000 "at closing—within 90 days." In the section entitled Settlement Deadline, the Contract provides a specific closing date of "April 30—97." Appellant contends that "April 30—97" was only a "target date" for closing. Appellant asserts that the provision in the Method of Payment section demonstrates that closing need only to occur "within 90 days."

¶ 5 On March 7, 1997, the realtor presented the Contract to appellees. After executing three addenda, the parties reached a final agreement for the sale of the property. None of these addenda, nor any other docu-

Scott L. Wiggins, Salt Lake City, for Appellant.

Jeff R. Thorne, Brigham City, for Appellees.

ment, ever changed the time requirements included in the Contract. April 30, 1997 passed, and the sale was not closed.

¶ 6 On June 18, 1997, appellant met with Baker and the realtor, purportedly to close the sale. Appellees were not present, and had in fact told the realtor a few days earlier that they did not intend to close the sale because the Contract had expired. The next day, appellant and Baker filed a complaint in district court against appellees for specific performance and breach of contract. Appellees subsequently filed a motion for summary judgment arguing that they had no obligation under the Contract because the closing did not occur on or before April 30, 1997. In response, appellant argued the existence of genuine issues of material fact as to the intended closing date under the Contract. Appellant also filed a motion for summary judgment. After a hearing, the trial court granted appellees' motion for summary judgment, denied appellant's motion for summary judgment, and dismissed the case with prejudice. This appeal followed.

## STANDARDS OF REVIEW

¶ 7 A party is entitled to summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c); *Clover v. Snowbird Ski Resort,* 808 P.2d 1037, 1039 (Utah 1991). "Questions of contract interpretation not requiring resort to extrinsic evidence are matters of law, and on such questions we accord the trial court's interpretation no presumption of correctness." *Zions First Nat'l Bank v. National Am. Title Ins. Co.,* 749 P.2d 651, 653 (Utah 1988). Whether attorney fees are recoverable is a question of law. *See Selvage v. J.J. Johnson & Assocs.,* 910 P.2d 1252, 1257 (Utah Ct.App.1996).

## ANALYSIS

¶ 8 Appellant argues that the trial court erred in granting appellees' motion for summary judgment because the court ignored principles of agency and estoppel, and further ignored affidavit evidence showing that genuine issues of material fact remained. Appellees contend that granting summary

judgment in their favor was proper, urging that evidence relating to the issues of agency and estoppel was inadmissible because the Contract is an integrated and unambiguous document. We agree with appellees.

¶ 9 The Contract contains an integration clause, providing, "[t]his Contract together with its addenda, any attached exhibits, and Seller Disclosures constitutes the entire Contract between the parties and supersedes and replaces any and all prior negotiations, representations, warranties, understandings or contracts between the parties. This Contract cannot be changed except by written agreement." Where a contract is integrated, "the parol evidence rule 'excludes evidence of terms in addition to those found in the agreement.'" *Hall v. Process Instruments and Control,* 866 P.2d 604, 606 (Utah Ct.App.1993) (quoting *Webb v. R.O.A. Gen., Inc.,* 804 P.2d 547, 551 (Utah Ct.App.1991)), *aff'd,* 890 P.2d 1024 (Utah 1995). If a contract is unambiguous, the intentions of the parties must be determined from the words of the agreement. *See Winegar v. Froerer Corp.,* 813 P.2d 104, 108 (Utah 1991). "A court may only consider extrinsic evidence if, after careful consideration, the contract language is ambiguous or uncertain." *Id.* (citing *Faulkner v. Farnsworth,* 665 P.2d 1292, 1293 (Utah 1983)).

¶ 10 The unambiguous language of the Contract designates "April 30—97," which was handwritten in the Settlement Deadline section, as the closing date. The provision appellant relies upon, "at closing—within 90 days," which was handwritten in the Method of Payment section, relates only to the terms and timing of payment and does not specify a closing date. The Contract unambiguously establishes a closing date of April 30, 1997. Therefore, extrinsic or parol evidence is not admissible to demonstrate the intentions or knowledge of the parties. *See id.*

¶ 11 Contracts "should be read as a whole, in an attempt to harmonize and give effect to all of the contract provisions." *ELM, Inc. v. M.T. Enters., Inc.,* 968 P.2d 861, 863 (Utah Ct.App.1998) (citing *Nielsen*

v. O'Reilly, *848 P.2d 664, 665 (Utah 1992)). Viewing the Contract as a whole, it is clear that the settlement deadline thereunder was April 30, 1997, and that "at closing—within 90 days" refers only to payment terms and timing. To construe the Contract as providing two different settlement dates (i.e., an April 30, 1997 "target date" for settlement, and a vague closing date range "within 90 days") is contrary to the rule of contract interpretation requiring provisions within a contract to be construed in harmony with each other. See id. If April 30, 1997 was in fact only a "target date," as argued by appellant, then the drafters of the Contract should have so indicated in the Contract, rather than simply writing "April 30—97" in the clearly labeled Settlement Deadline section without further comment or explanation. The Contract, as written, unambiguously required a closing date of April 30, 1997.*

¶ 12 Because we have determined the Contract unambiguously required a closing date of April 30, 1997, we need not address appellant's other arguments concerning agency, estoppel, and affidavit evidence as to the intentions and knowledge of the parties. Addressing these issues requires consideration of extrinsic evidence, which is impermissible in light of the integrated and unambiguous Contract. *See Hall,* 866 P.2d at 606.

¶ 13 Appellees have prevailed at trial and on appeal, and they seek an award of attorney fees. The Contract provides "[i]n the event of litigation or binding arbitration to enforce this Contract, the prevailing party shall be entitled to costs and reasonable attorney fees." Appellees requested attorney fees in their answer and in their motion for summary judgment. However, attorney fees were never mentioned at oral argument on the summary judgment motions. Furthermore, the Order of Dismissal With Prejudice, prepared by appellees' attorney, does not include a fee award. At oral argument before this court, appellees conceded that they waived their right to attorney fees incurred before this appeal by failing to properly address the issue to the trial court. However, they assert that under the Contract they are entitled to fees for successfully defending this appeal. We agree that appellees are entitled to attorney fees reasonably incurred on appeal.

## CONCLUSION

¶ 14 The trial court properly granted appellees' motion for summary judgment because the Contract is an integrated and unambiguous document that required the transaction to be closed on or before April 30, 1997, which did not occur. As the prevailing party on appeal, appellees are entitled to the fees they reasonably incurred on appeal.

¶ 15 Affirmed and remanded for an award of attorney fees appellees reasonably incurred on appeal.

¶ 16 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge, and JUDITH M. BILLINGS, Judge.